1  SCHEPER KIM & HARRIS LLP
   MARC S. HARRIS (State Bar No. 136647)
2  mharris@scheperkim.com
   JULIO V. VERGARA (State Bar No. 223762)
3  jvergara@scheperkim.com
   601 West Fifth Street, 12th Floor
4  Los Angeles, CA  90071-2025
   Telephone: (213) 613-4655
5  Facsimile:  (213) 613-4656

6  KILPATRICK TOWNSEND & STOCKTON LLP
   Christopher P. Bussert (admitted *pro hac vice*)
7  cbussert@kilpatricktownsend.com
   Theodore H. Davis Jr. (admitted *pro hac vice*)
8  tdavis@kilpatricktownsend.com
   1100 Peachtree Street, Suite 2800
9  Atlanta, GA  30309-4528
   Telephone: (404) 815-6500
10 Facsimile:  (404) 815-6555

11 Attorneys for Plaintiff
   KERR CORPORATION

12 **[Additional Counsel on Next Page]**

13

14              **UNITED STATES DISTRICT COURT**

15       **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

16

17 KERR CORPORATION,                    Case No. SACV11-00313 DOC (CWx)

                Plaintiff,              Assigned to: Hon. David O. Carter
18
       vs.                              **[PROPOSED] INTERIM
19                                      STIPULATED PROTECTIVE
   NORTH AMERICAN DENTAL                ORDER**
20 WHOLESALERS, INC. and NORTH
   AMERICAN DENTAL, INC.,
21
                Defendants.             Action Filed:  February 24, 2011
22

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

                                    1
              [PROPOSED] INTERIM STIPULATED PROTECTIVE ORDER

1  LAW OFFICES OF ARNOLD I. KALMAN
   Arnold I. Kalman (admitted *pro hac vice*)
2  arnoldkalman@arnoldkalmanlaw.com
   245 South Hutchinson Street
3  Philadelphia, Pennsylvania 19107
   Telephone: (215) 829-9613
4  Facsimile: (215) 829-9613

5  DAVID M. BASS AND ASSOCIATES
   David M. Bass (State Bar No. 117199)
6  dbass@basslawla.com
   1900 Avenue of the Stars, Suite 200
7  Los Angeles, California 90067
   Telephone: (310) 789-1152
8  Facsimile: (310) 789-1149

9  Attorney for Defendants
   NORTH AMERICAN DENTAL
10 WHOLESALERS INC. AND NORTH
   AMERICAN DENTAL, INC.

11

12 / / /

13 / / /

14 / / /

15 / / /

16 / / /

17 / / /

18 / / /

19 / / /

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

# STIPULATED PROTECTIVE ORDER

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activities in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties jointly have moved the Court to enter the following Stipulated Protective Order, which applies to the following documents by Plaintiff Kerr Corporation ("Plaintiff") filed under seal with the Court on February 24, 2011:

a) the Declaration of David Tobia;
b) the Declaration of Dr. Joachim Fritze;
c) the Declaration of Albert Carlo Sògaro;
d) the Declaration of Timothy Gleason;
e) the Declaration of David L. Ginn;
f) the Declaration of Darryl S. Grover;
g) the Declaration of Keyhan Kashfian;
h) the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Preliminary Injunction; and
i) any amended versions of any of the foregoing documents subsequently filed by Plaintiff.

This Stipulated Protective Order shall remain in effect as to these documents unless and until superseded by another order by this Court.

## 2. DEFINITIONS

a) <u>Party</u>: any party to this action, including all of its officers, directors, employees, retained experts, and outside counsel (and their support staff).

/ / /
/ / /

b) <u>Protected Material</u>:  the following pleadings filed with the Court on February 24, 2011, together with the information set forth in those pleadings:

    (1)    the Declaration of David Tobia;

    (2)    the Declaration of Dr. Joachim Fritze;

    (3)    the Declaration of Albert Carlo Sògaro;

    (4)    the Declaration of Timothy Gleason;

    (5)    the Declaration of David L. Ginn;

    (6)    the Declaration of Darryl S. Grover;

    (7)    the Declaration of Keyhan Kashfian;

    (8)    the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Preliminary Injunction; and

    (9)    any amended versions of any of the forgoing documents subsequently filed by Plaintiff.

c) <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to  serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

d) <u>Receiving Party</u>:  a Party or non-party that receives Protected Material from a Producing Party.

e) <u>Producing Party</u>:  a Party or non-party that produces Protected Material in this action.

**3.    SCOPE**

The protections conferred by this Interim Stipulated Protective Order cover not only Protected Material, but also any information copied or extracted from Protective Material, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or the Party's

Outside Counsel to or in depositions, court, or other settings that might reveal Protected Material.

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Plaintiff agrees otherwise in writing or the Court otherwise directs.

## 5. EXCEPTIONS TO CONFIDENTIALITY DESIGNATIONS

Notwithstanding the definition of Protected Material in this Order, material will not be considered Protected Material if it:

a) was known to the Receiving Party without obligation of confidentiality to the Producing Party prior to disclosure by the Producing Party, as evidenced by the Receiving Party's written records;

b) is subsequently disclosed to the Receiving Party by a third party having no obligation of confidentiality to the Producing Party with respect to such information;

c) is independently developed by employee(s) of the Receiving Party who had no access to the information before such development; or

d) is published or becomes generally known to the public through means not constituting a breach of this Order.

## 6. ACCESS TO AND USE OF PROTECTED MATERIAL

a) <u>Basic Principles.</u>  A Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, Protected Material must be stored and maintained by the Parties at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

1      b)    <u>Disclosure of Protected Material.</u>  Unless otherwise ordered by the Court or permitted in writing by the other Party, a Party may disclose any information or item falling within the category of Protected Materials only to:

         (1)    the Party's Outside Counsel;

         (2)    the officers, directors, and employees of any Party to whom disclosure is reasonably necessary for purposes of prosecuting, defending, or settling this litigation;

         (3)    Experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), as set forth in **Section 6(c)**; and

         (4)    the Court, its personnel, and jurors in this action.

      c)    <u>Expert Witnesses.</u>  The "Agreement to Be Bound by Protective Order" (Exhibit A) executed by an Expert of either Party must be provided to the other Party at least ten (10) business days before any disclosure of Protected Material to said Expert, along with a curriculum vitae and an identification of any past association (within the past four (4) years), present association, or known future association (including employment and consulting jobs) with any Party or any competitor of any Party.  If the Party receiving an executed copy of the referenced agreement objects to the disclosure of Protected Material to such Expert within ten (10) business days after receiving notice, no such disclosure shall be made to that Expert without prior approval of the Court or the other Party.  Any objection shall be in writing and state with particularity the basis for the objection.  If the Parties are unable to resolve the objection, either Party may move the Court for an

appropriate order.  Pending resolution of any such motion, no disclosure shall be made to the Expert.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the Party must so notify the other Party, in writing, immediately and in no event more than five (5) court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Party served with a subpoena or an order also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Interim Stipulated Protective Order.

## 8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Interim Stipulated Protective Order, the Party must immediately (a) notify in writing the other Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" that is attached as Exhibit A.

## 9. MISCELLANEOUS

a) <u>Right to Further Relief.</u>  Nothing in this Interim Stipulated Protective Order abridges the right of any person to seek its modification by the Court or by agreement of the Parties in the future.

b) <u>Right to Assert Other Objections.</u>  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or

|   |   |   |
|---|---|---|
| 1 |   | item on any ground not addressed in this Interim Stipulated Protective |
| 2 |   | Order. Similarly, no Party waives any right to object on any ground to |
| 3 |   | use in evidence of any of the material covered by this Protective Order. |
| 4 | c) | <u>Ability to Render Legal Advice.</u>  Notwithstanding the restrictions set |
| 5 |   | forth in this Interim Stipulated Protective Order, Outside Counsel |
| 6 |   | qualified to receive Protected Material under this Order shall not be |
| 7 |   | precluded from rendering legal advice to or discussing with his or her |
| 8 |   | client the merits of any issue in this litigation, as long as the specific |
| 9 |   | substance or content of the Protected Material is not revealed to a |
| 10 |   | person not qualified to receive such material under the terms of this |
| 11 |   | Interim Stipulated Protective Order. |
| 12 | d) | <u>A Party's Own Information.</u>  The restrictions on the use of Protected |
| 13 |   | Material established by this Interim Stipulated Protective Order are |
| 14 |   | applicable only to the use of Protected Material received by a Party |
| 15 |   | from another Party or from a non-party.  A Party is free to do whatever |
| 16 |   | it desires with its own Protected Material. |

**IT IS SO STIPULATED.**

Dated:  March 31, 2011

SCHEPER KIM & HARRIS LLP
MARC S. HARRIS
JULIO V. VERGARA

KILPATRICK TOWNSEND & STOCKTON LLP
CHRISTOPHER P. BUSSERT
THEODORE H. DAVIS JR.


By:   /S/ Marc S. Harris
　　　Marc S. Harris
　　　Attorneys for Plaintiff
　　　KERR CORPORATION

| | | |
|---|---|---|
| 1 | Dated: March 31, 2011 | LAW OFFICES OF ARNOLD I. KALMAN<br>ARNOLD I. KALMAN |
| 2 | | |
| 3 | | DAVID M. BASS & ASSOCIATES, INC.<br>DAVID M. BASS |
| 4 | | |
| 5 | | By:   /S/  David M. Bass |
| 6 | | David M. Bass<br>Attorneys for Defendants<br>NORTH AMERICAN DENTAL |
| 7 | | WHOLESALERS INC. AND NORTH<br>AMERICAN DENTAL, INC. |

10    IT IS SO ORDERED.

12    Dated: April 5, 2011

*/s/ David O. Carter*

The Honorable David O. Carter
United States District Court Judge

# EXHIBIT A

# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, of _____
   [print or type full name]         [print or type full address]

_____, declare under penalty of perjury that I have read the Interim Stipulated Protective Order in its entirety and understand that it was issued by the United States District Court for the Central District of California, on _____ ___, 2011 in the case of *Kerr Corporation v. North American Dental Wholesalers, Inc.*, Civil Action No. SACV11-00313 DOC (CWx).  I agree to comply with and to be bound by all the terms of this Interim Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I represent that I will not disclose in any manner any information or item that is subject to this Interim Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Interim Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.

Dated: _____

City and State where sworn and signed: _____

Signature: _____