1  **SCHEPER KIM & HARRIS LLP**
   MARC S. HARRIS (State Bar No. 136647)
2  mharris@scheperkim.com
   ALEXANDER H. COTE (State Bar No. 211558)
3  jvergara@scheperkim.com
   601 West Fifth Street, 12th Floor
4  Los Angeles, CA 90071-2025
   Telephone: (213) 613-4655
5  Facsimile:  (213) 613-4656

6  **KILPATRICK TOWNSEND & STOCKTON LLP**
   Christopher P. Bussert (admitted *pro hac vice*)
7  cbussert@kilpatricktownsend.com
   Theodore H. Davis Jr. (admitted *pro hac vice*)
8  tdavis@kilpatricktownsend.com
   1100 Peachtree Street, Suite 2800
9  Atlanta, GA 30309-4528
   Telephone: (404) 815-6500
10 Facsimile:  (404) 815-6555

11 **Attorneys for KERR CORPORATION,**
   **and Defendants DANAHER**
12 **CORPORATION and SYBRON**
   **DENTAL SPECIALTIES INC.**

13
   **[Additional Counsel Listed on Next Page]**
14
                    **UNITED STATES DISTRICT COURT**
15
        **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**
16

| | |
|---|---|
| 17 KERR CORPORATION, | CASE NO. SACV11-00313-DOC (CWx) |
| 18 Plaintiff, | [INTERIM |
| 19 v. | **PROTECTIVE ORDER** |
| 20 NORTH AMERICAN DENTAL WHOLESALERS, INC., et al., | |
| 21 Defendants. | |
| 22 | [Consolidated with] |
| 23 NORTH AMERICAN DENTAL WHOLESALERS, INC. | CASE NO. SACV11-01300-DOC (CWx) |
| 24 Plaintiff, | Discovery Cut Off:    March 30, 2012 |
| 25 v. | Pretrial Conference:  April 30, 2012 Trial Date:             May 8, 2012 |
| 26 DANAHER CORPORATION, et al., | |
| 27 Defendants. | |

28

1 | **DAVID M. BASS AND ASSOCIATES**
David M. Bass (State Bar No. 117199)
2 | dbass@basslawla.com
1900 Avenue of the Stars, Suite 200
3 | Los Angeles, California 90067
Telephone: (310) 789-1152
4 | Facsimile: (310) 789-1149

5 | **LAW OFFICES OF ARNOLD I. KALMAN**
Arnold I. Kalman (admitted *pro hac vice*)
6 | arnoldkalman@arnoldkalmanlaw.com
245 South Hutchinson Street
7 | Philadelphia, Pennsylvania 19107
Telephone: (215) 829-9613
8 | Facsimile: (215) 829-9613

9 | **Attorneys for Plaintiffs and Counter-Defendants NORTH AMERICAN**
10 | **DENTAL WHOLESALERS INC. AND NORTH AMERICAN DENTAL, INC.**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# INTERIM PROTECTIVE ORDER

## I.    PURPOSES AND LIMITATIONS

A.    Kerr Corporation, Danaher Corporation and Sybron Dental Specialties Inc. (collectively "Kerr") contends that discovery served upon it and several third parties requests the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties jointly have moved the Court to enter the following Interim Protective Order ("Order"). Should further protective orders become necessary during the course of this action, this Order shall be amended and replaced by such later amended orders.

## II.    DEFINITIONS

A.    Litigation Material: all information, regardless of the medium or manner generated, stored, or maintained (including, testimony, transcripts, interrogatory responses, admissions, expert disclosures, initial disclosures, documents and tangible things) produced or generated in disclosures or responses to discovery in this matter.

B.    Receiving Party: North American Dental Wholesalers, Inc. and North American Dental, Inc. (collectively, "NAD").

C.    Producing Party: Kerr or any third-party to whom NAD has served a subpoena, that produces Litigation Material in this action.

D.    "Confidential" Litigation Material: Litigation Material that a party believes in good faith constitutes matter used by it in or pertaining to its business that is not generally known and that the party would not normally reveal to third parties or would cause third parties to maintain in confidence. Such information may include, but shall not be limited to, technical information such as product formulations and analysis; research and development information; customer lists; sales, cost, pricing, and marketing information (whether actual or projected); information that a party has treated as confidential and not subject to public

3

[PROPOSED] INTERIM PROTECTIVE ORDER

1    disclosure; information qualifying as a trade secret; and any other information that

2    would qualify for protection under Fed. R. Civ. P. 26(c) or any other applicable

3    legal standard.

4              E.       "Confidential – Attorneys' Eyes Only" Litigation Material: extremely

5    sensitive Confidential Litigation Material, disclosure of which the Producing Party

6    believes in good faith would create a substantial risk of serious injury, if disclosed to

7    a Receiving Party in this action without limitation, that could not be avoided by less

8    restrictive means.

9              F.       Designating Party: a Producing Party, or Kerr (if the Producing Party is

10   not Kerr), that designates Litigation Material as "Confidential" or "Confidential –

11   Attorneys' Eyes Only."  The Designating Party shall bear the ultimate burden of

12   proving that any documents or information it has designated "Confidential" or

13   "Confidential – Attorneys' Eyes Only."

14             G.       Protected Material: any Litigation Material that is designated as

15   "Confidential" or as "Confidential – Attorneys' Eyes Only," and also any

16   information that is copied or extracted from Protected Material, as well as all copies,

17   excerpts, summaries, or compilations thereof, plus testimony, conversations, or

18   presentations by Parties or counsel to or in depositions, court, or other settings that

19   might reveal Protected Material.

20             H.       Counsel: attorneys who are retained to represent NAD in this action

21   and who have entered appearances in this action, and regular or temporary

22   employees of those attorneys assisting in the conduct of the Litigation for use in

23   accordance with this Order.

24             I.       Expert: a person with specialized knowledge or experience in a matter

25   pertinent to the litigation who has been retained by a party or its counsel to serve as

26   an expert witness or as a consultant in this action. This definition includes a

27   professional jury or trial consultant retained in connection with this litigation, and

28

[PROPOSED] INTERIM PROTECTIVE ORDER

1  shall include consultants who have not been designated as testifying experts and

2  whose identity is privileged or has not been revealed.

3      J.    Professional Vendors: persons or entities that are not a part of, or

4  employees of, a party and provide litigation support services (e.g., photocopying;

5  videotaping; translating or interpreting; preparing exhibits or demonstrations;

6  organizing, storing, destroying, retrieving data in any form or medium, etc.) and

7  their employees and subcontractors.

8  **III.   DESIGNATING PROTECTED MATERIAL**

9      A.    Exercise of Restraint and Care in Designating Material for Protection.

10  Each Designating Party under this Order must take care to limit any such

11  designation to Litigation Material that qualifies under the appropriate standards.

12  Mass or indiscriminate designations are prohibited. If it comes to a Designating

13  Party's attention that Litigation Material designated for protection does not qualify

14  for protection at all, or does not qualify for the level of protection initially asserted,

15  that Designating Party must promptly notify all other parties that it is withdrawing

16  the mistaken designation.

17      B.    Manner and Timing of Designations. Except as otherwise provided in

18  this Order, or as otherwise stipulated or ordered, Litigation Material that qualifies

19  for protection under this Order must be clearly so designated before the material is

20  disclosed or produced. Designation in conformity with this Order requires:

21          1.    For Litigation Material in documentary form, designation in

22  conformity with this Order requires (apart from transcripts of depositions or

23  transcripts of other pretrial or trial proceedings), that the Designating Party affix a

24  suitable notice such as, for example, the legend "CONFIDENTIAL" or

25  "CONFIDENTIAL – ATTORNEYS' EYES ONLY," at the top, bottom, or other

26  prominent location on each page that contains Protected Material.

27          2.    A Producing Party that makes original Litigation Material

28  available for inspection need not designate it for protection until after the inspecting

[PROPOSED] INTERIM PROTECTIVE ORDER

1   party has indicated which material it would like copied and produced. During the

2   inspection and before the designation, all of the material made available for

3   inspection shall be deemed "Confidential – Attorneys' Eyes Only." After the

4   inspecting party has identified the documents it wants copied and produced, the

5   Designating Party must determine which documents qualify for protection under this

6   Order, and, before the specified documents or things are produced, the Designating

7   Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL

8   – ATTORNEYS' EYES ONLY") at the top, bottom, or other prominent location on

9   each page that contains Protected Material.

10          3.      For testimony given in deposition or in other pretrial or trial

11  proceedings, designation in conformity with this Order requires that any party

12  identify on the record, before the close of the deposition, hearing, or other

13  proceeding, or in writing to counsel of record within seven calendar days of

14  receiving the transcript of the relevant deposition or proceeding, all exhibits and

15  testimony that are to be designated "Confidential" or "Confidential – Attorneys'

16  Eyes Only."

17          4.      For Litigation Material produced in some form other than

18  documentary form, and for any other tangible items, designation in conformity with

19  this Order requires that the Designating Party affix in a prominent place on the item

20  or on the exterior of the container or containers in which the information or item is

21  stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'

22  EYES ONLY."

23      C.      Inadvertent Failures to Designate. The inadvertent or unintentional

24  disclosure of Litigation Material that should have been designated "Confidential" or

25  "Confidential – Attorneys' Eyes Only" regardless of whether the Litigation Material

26  was so designated at the time of disclosure, shall not be deemed a waiver in whole

27  or in part of a party's claim of confidentiality, either as to the specific Litigation

28  Material or as to any other material or information concerning the same or related

[PROPOSED] INTERIM PROTECTIVE ORDER

subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing, within a reasonable time after disclosure, counsel for all Parties to whom the Litigation Material was disclosed that the material should have been designated as Protected Material. Such notice shall constitute a designation of the Litigation Material as Protected Material under this Order. The new designation applies to any person so notified effective as of the date and time of receipt of the notice by such person. Persons to whom such Litigation Material has been disclosed shall not be responsible for any disclosure otherwise permitted under this Order occurring before receipt of such notice, and persons to whom such Litigation Material has been disclosed must be provided with another copy of the information, document or thing by the Designating Party that bears the appropriate Protected Material designation.

## IV.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.     The failure of any Receiving Party to object to the designation of Litigation Material as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be deemed an admission that such information qualifies for such designation.

B.     A Receiving Party may challenge a Designating Party's designation of Litigation Material as "Confidential" or "Confidential – Attorneys' Eyes Only" by motion. Any such motion shall comply with all aspects of the Central District Local Civil Rule 37, including the meet and confer requirements described therein.  The Designating Party shall have the burden of proving that the designation is proper under the terms of this Order.  Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## V.   EXCEPTIONS TO CONFIDENTIALITY DESIGNATIONS

Notwithstanding a Designating Party's confidentiality designation, Litigation Material will not be considered Protected Material if it:

[PROPOSED] INTERIM PROTECTIVE ORDER

A.    was known to the Receiving Party without obligation of confidentiality to the Designating Party prior to disclosure by the Designating Party;

B.    is subsequently disclosed to the Receiving Party by a third party having no obligation of confidentiality under this Order with respect to such Litigation Material;

C.    is independently developed by employee(s) of the Receiving Party who had no access to the Litigation Material before such development; or

D.    is published or becomes generally known to the public through means not constituting a breach of this Order.

## VI.    ACCESS TO AND USE OF PROTECTED MATERIAL

A.    <u>Basic Principles</u>. A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XI below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.    <u>Ability to Render Legal Advice</u>. Notwithstanding the restrictions set forth in this Order, Counsel qualified to receive Protected Material under this Order shall not be precluded from rendering legal advice to its client, making factual inquiries of its client, or discussing with its client the merits of any issue in this litigation, as long as the specific substance or content of the Protected Material is not revealed to a person not qualified to receive such material under the terms of this Order.

[PROPOSED] INTERIM PROTECTIVE ORDER

## VII. PERMITTED RECIPIENTS OF PROTECTED MATERIAL

A. <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

1. the Receiving Party's Counsel;

2. the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for purposes of prosecuting, defending, or settling this litigation, *provided that* Protected Material designated "Confidential – Attorneys' Eyes Only" shall not be disclosed pursuant to this Section VII.A.2;

3. Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

4. the Court, its personnel, and jurors in this action and anyone designated by the Court;

5. court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary;

6. during their depositions, party and nonparty witnesses in the action to whom disclosure is reasonably necessary to conduct the deposition and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), *provided that* Protected Material designated "Confidential – Attorneys' Eyes Only" shall not be disclosed to any witness pursuant to this paragraph unless that witness is otherwise qualified to receive that Protected Material under another provision of this Order. Any Protected Material provided to a witness in a deposition shall not be retained by that witness, unless the witness is otherwise qualified to retain a copy of that Protected Material under another provision of this Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Order; and

1    7.    the authors, senders, addressees and designated copy recipients

2  of the Litigation Material, or the individual(s) designated by the Designating Party

3  or Receiving Party as a Rule 30(b)(6) witness to testify on the subject matter

4  contained within the Litigation Material.

5    B.    Any person required to execute the "Agreement to Be Bound by

6  Protective Order" (Exhibit A) under this Order shall return the executed agreement

7  to the party requesting his or her signature.  That party's counsel shall maintain a

8  copy of the executed agreement in their files so that it is available in case of

9  controversy.

10  **VIII.  PROTECTED MATERIAL SUBPOENAED OR ORDERED**

11  **PRODUCED IN OTHER LITIGATION**

12    If a Receiving Party is served with a subpoena or an order issued in other

13  litigation that would compel disclosure of any Protected Material, the Receiving

14  Party must so notify the Designating Party, in writing, immediately and in no event

15  more than five (5) court days after receiving the subpoena or order. Such

16  notification must include a copy of the subpoena or court order.  The Receiving

17  Party also must immediately inform in writing the party who caused the subpoena or

18  order to issue in the other litigation that some or all the material covered by the

19  subpoena or order is the subject of this Order.

20  **IX.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

21    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

22  Protected Material to any person or in any circumstance not authorized under this

23  Order, the Receiving Party must immediately (a) notify in writing the Designating

24  Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of

25  the Protected Material; (c) inform the person or persons to whom unauthorized

26  disclosures were made of all the terms of this Order; and (d) request such person or

27  persons to execute the "Agreement to Be Bound by Protective Order" that is

28  attached as Exhibit A.  This paragraph does not encompass the disclosure of

[PROPOSED] INTERIM PROTECTIVE ORDER

1  Protected Material by the Receiving Party if the Protected Material had not been

2  previously designated as such by the Designating Party.

3  **X.    PRIVILEGED MATERIAL**

4  　　　　The inadvertent disclosure by a Producing Party of information that is

5  privileged or otherwise immune or protected from discovery by law will not be

6  deemed a waiver in whole or in part of attorney-client privilege, work product

7  protection, or other ground of immunity from discovery, either as to the specific

8  information disclosed or as to any other information relating thereto or on the same

9  or related subject matter.  If a Producing Party has inadvertently produced

10  information subject to a claim of immunity or privilege, upon request in writing, the

11  document and all copies thereof shall be returned promptly, and in no event later

12  than five (5) calendar days after a request is made by the Producing Party, as

13  required by Rule 26(b)(5)(B).  If the Receiving Party disagrees that the information

14  is protected from disclosure by the attorney-client privilege, work product

15  protection, or other immunity from discovery, it may move the Court for an order

16  that such information be produced, in which case the Producing Party shall have the

17  burden of proving that such privilege or immunity exists.

18  **XI.    FINAL DISPOSITION**

19  　　　　Unless otherwise ordered or agreed in writing by the Producing Party, within

20  sixty (60) days after the final termination of this action, including all appeals, each

21  Receiving Party must destroy or return all Protected Material to the Producing Party.

22  As used in this paragraph, "all Protected Material" includes all copies, abstracts,

23  compilations, summaries or any other form of reproducing or capturing any of the

24  Protected Material. Whether the Protected Material is returned or destroyed, the

25  Receiving Party must submit a written confirmation to the Designating Party that all

26  Protected Material was returned or destroyed and that the Receiving Party has not

27  retained any copies, abstracts, compilations, summaries or other forms of

28  reproducing or capturing any of the Protected Material.  Notwithstanding this

[PROPOSED] INTERIM PROTECTIVE ORDER

provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or work product, even if such materials contain Protected Material.

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or the Court otherwise directs.

## XII.   USE OF PROTECTED MATERIAL IN PLEADINGS OR PROCEEDINGS

Except when the filing under seal is otherwise authorized by statute or federal rule, the Parties shall seek the Court's prior approval for the filing under seal of pleadings and other documents containing properly designated "Confidential" or "Confidential – Attorneys' Eyes Only" Disclosures in accordance with the procedures set forth in Central District Local Civil Rule 79-5.1.

## XIII. MISCELLANEOUS

A.   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any party to seek its modification by the Court or by agreement of the parties in the future.

B.   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

C.   <u>A Party's Own Information</u>: The restrictions on the use of Protected Material established by this Order are applicable only to the use of Protected Material received by a party from a Producing Party. A party is free to do whatever it desires with its own Protected Material. However, for purposes of disputing a party's designation of information or documents as Confidential or Confidential – Attorneys' Eyes Only, and resolving any such dispute, a party's intentional

[PROPOSED] INTERIM PROTECTIVE ORDER

1  disclosure of its own Protected Material to any third party with which it does not

2  share a confidential relationship, or to the public, shall be taken into account by the

3  Court in determining whether the Protected Material has been properly designated.

4          D.     Third Party Discovery: A copy of this Order must be served with all

5  discovery requests served on third parties to this litigation, including without

6  limitation, subpoenas under Rule 45 of the Federal Rules of Civil Procedure.

7

8  DATED: December 5, 2012         *Carla M. Woehrle*

9                               CARLA M. WOEHRLE
                             UNITED STATES MAGISTRATE JUDGE

10

11

12  **Submitted by:**

13  SCHEPER KIM & HARRIS LLP
   MARC S. HARRIS

14  ALEXANDER H. COTE

15

16  By: /s/ Alexander H. Cote
          Alexander H. Cote
   Attorneys for KERR CORPORATION

17  and Defendants DANAHER CORPORATION
   and SYBRON DENTAL SPECIALTIES INC.

18

   DAVID M. BASS AND ASSOCIATES

19  DAVID M. BASS

20

21  By: /s/ David M. Bass
          David M. Bass
   Attorneys for Plaintiffs and Counter-Defendants

22  NORTH AMERICAN DENTAL WHOLESALERS, INC.
   and NORTH AMERICAN DENTAL, INC.

23

   LAW OFFICES OF ARNOLD I. KALMAN

24  ARNOLD I. KALMAN

25

26  By: /s/ Arnold I. Kalman
          Arnold I. Kalman
   Attorneys for Plaintiffs and Counter-Defendants

27  NORTH AMERICAN DENTAL WHOLESALERS, INC.
   and NORTH AMERICAN DENTAL, INC.

28

[PROPOSED] INTERIM PROTECTIVE ORDER

## EXHIBIT A

### Agreement to Be Bound by Protective Order

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____.

I have read and understand the Interim Protective Order dated _____ in the action entitled *Kerr Corporation v. North American Dental Wholesalers, Inc., et al.*, Case No. SACV11-00313-DOC (CWx) consolidated with Case No. SACV11-01300-DOC (CWx), which currently is pending in the United States District Court for the Central District of California.

I am fully familiar with, and agree to comply with and be bound by, the provisions of the Interim Protective Order.

I will not copy, use or divulge to any person any information or material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" except solely as permitted by the Interim Protective Order.

I consent to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the Interim Protective Order, enjoining any violation or threatened violation of the Interim Protective Order or seeking damages for the breach of the Interim Protective Order

_____          _____
(Signature)                              (Date)

[PROPOSED] INTERIM PROTECTIVE ORDER