**SCHEPER KIM & HARRIS LLP**
MARC S. HARRIS (State Bar No. 136647)
mharris@scheperkim.com
ALEXANDER H. COTE (State Bar No. 211558)
jvergara@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

**KILPATRICK TOWNSEND & STOCKTON LLP**
Christopher P. Bussert (admitted *pro hac vice*)
cbussert@kilpatricktownsend.com
Theodore H. Davis Jr. (admitted *pro hac vice*)
tdavis@kilpatricktownsend.com
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 815-6500
Facsimile:  (404) 815-6555

**Attorneys for Plaintiff**
**KERR CORPORATION**

**LAW OFFICES OF ARNOLD I. KALMAN**
Arnold I. Kalman
arnoldkalman@arnoldkalmanlaw.com
245 South Hutchinson Street
Philadelphia, Pennsylvania 19107
Telephone: (215) 829-9613
Facsimile: (215) 829-9613

**DAVID M. BASS AND ASSOCIATES**
David M. Bass
dbass@basslawla.com
1900 Avenue of the Stars, Suite 200
Los Angeles, California 90067
Telephone: (310) 789-1152
Facsimile: (310) 789-1149

**Attorney for Defendants**
**NORTH AMERICAN DENTAL WHOLESALERS INC. AND NORTH AMERICAN DENTAL, INC.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KERR CORPORATION, | CASE NO. SACV11-00313 DOC (CWx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | Complaint Filed: February 24, 2011 |
| NORTH AMERICAN DENTAL | |

Proposed Bilateral Protective Order (post Dec 13 hearing).doc

WHOLESALERS, INC. and NORTH AMERICAN DENTAL, INC.,

    Defendants.

AND RELATED CLAIMS

## PROTECTIVE ORDER

### I. PURPOSES AND LIMITATIONS

A.   Kerr Corporation, Danaher Corporation and Sybron Dental Specialties Inc. (collectively "Kerr") and North American Dental Wholesalers, Inc. and North American Dental, Inc. (collectively, "NAD") mutually agree that discovery served upon each of them and upon third parties requests the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties jointly have moved the Court to enter the following Protective Order ("Order").

### II. DEFINITIONS

A.   <u>Litigation Material</u>: all information, regardless of the medium or manner generated, stored, or maintained (including, testimony, transcripts, interrogatory responses, admissions, expert disclosures, initial disclosures, documents and tangible things) produced or generated in disclosures or responses to discovery in this matter.

B.   <u>Producing Party</u>: Kerr, NAD or any third-party that produces Litigation Material in this action.

C.   <u>Receiving Party</u>: a party that receives Litigation Material from a Producing Party.

D.   <u>"Confidential" Litigation Material</u>: Litigation Material that a party believes in good faith constitutes matter used by it in or pertaining to its business

that is not generally known and that the party would not normally reveal to third parties or would cause third parties to maintain in confidence. Such information may include, but shall not be limited to, technical information such as product formulations and analysis; research and development information; customer lists; sales, cost, pricing, and marketing information (whether actual or projected); information that a party has treated as confidential and not subject to public disclosure; information qualifying as a trade secret; and any other information that would qualify for protection under Fed. R. Civ. P. 26(c) or any other applicable legal standard.

E. <u>"Confidential – Attorneys' Eyes Only" Litigation Material</u>: extremely sensitive Confidential Litigation Material, disclosure of which the Producing Party believes in good faith would create a substantial risk of serious injury, if disclosed to a Receiving Party in this action without limitation, that could not be avoided by less restrictive means.

F. <u>Designating Party</u>: a Producing Party, Kerr (if the Producing Party is not Kerr) or NAD (if the Producing Party is not NAD), that designates Litigation Material as "Confidential" or "Confidential – Attorneys' Eyes Only." The Designating Party shall bear the ultimate burden of proving that any documents or information it has designated "Confidential" or "Confidential – Attorneys' Eyes Only."

G. <u>Protected Material</u>: any Litigation Material that is designated as "Confidential" or as "Confidential – Attorneys' Eyes Only," and also any information that is copied or extracted from Protected Material, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in depositions, court, or other settings that might reveal Protected Material.

H. <u>Counsel</u>: attorneys who are retained to represent a party to this action and who have entered appearances in this action, and are not regularly employed by that party.

I. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation, and shall include consultants who have not been designated as testifying experts and whose identity is privileged or has not been revealed.

J. <u>Professional Vendors</u>: persons or entities that are not a part of, or employees of, a party and provide litigation support services (e.g., photocopying; videotaping; translating or interpreting; preparing exhibits or demonstrations; organizing, storing, destroying, retrieving data in any form or medium, etc.) and their employees and subcontractors.

**III. DESIGNATING PROTECTED MATERIAL**

A. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Designating Party under this Order must take care to limit any such designation to Litigation Material that qualifies under the appropriate standards. Mass or indiscriminate designations are prohibited. If it comes to a Designating Party's attention that Litigation Material designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

B. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Litigation Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

1. For Litigation Material in documentary form, designation in conformity with this Order requires (apart from transcripts of depositions or transcripts of other pretrial or trial proceedings), that the Designating Party affix a suitable notice such as, for example, the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," at the top, bottom, or other prominent location on each page that contains Protected Material.

2. A Producing Party that makes original Litigation Material available for inspection need not designate it for protection until after the inspecting party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential – Attorneys' Eyes Only." After the inspecting party has identified the documents it wants copied and produced, the Designating Party must determine which documents qualify for protection under this Order, and, before the specified documents or things are produced, the Designating Party must affix the appropriate legend ("CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top, bottom, or other prominent location on each page that contains Protected Material.

3. For testimony given in deposition or in other pretrial or trial proceedings, designation in conformity with this Order requires that any party identify on the record, before the close of the deposition, hearing, or other proceeding, or in writing to counsel of record within seven calendar days of receiving the transcript of the relevant deposition or proceeding, all exhibits and testimony that are to be designated "Confidential" or "Confidential – Attorneys' Eyes Only."

4. For Litigation Material produced in some form other than documentary form, and for any other tangible items, designation in conformity with this Order requires that the Designating Party affix in a prominent place on the item

1 or on the exterior of the container or containers in which the information or item is
2 stored the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'
3 EYES ONLY."

4     C. <u>Inadvertent Failures to Designate</u>. The inadvertent or unintentional
5 disclosure of Litigation Material that should have been designated "Confidential" or
6 "Confidential – Attorneys' Eyes Only.", regardless of whether the Litigation
7 Material was so designated at the time of disclosure, shall not be deemed a waiver in
8 whole or in part of a party's claim of confidentiality, either as to the specific
9 Litigation Material or as to any other material or information concerning the same or
10 related subject matter. Such inadvertent or unintentional disclosure may be rectified
11 by notifying in writing, within a reasonable time after disclosure, counsel for all
12 Parties to whom the Litigation Material was disclosed that the material should have
13 been designated as Protected Material. Such notice shall constitute a designation of
14 the Litigation Material as Protected Material under this Order. The new designation
15 applies to any person so notified effective as of the date and time of receipt of the
16 notice by such person. Persons to whom such Litigation Material has been disclosed
17 shall not be responsible for any disclosure otherwise permitted under this Order
18 occurring before receipt of such notice, and persons to whom such Litigation
19 Material has been disclosed must be provided with another copy of the information,
20 document or thing by the Designating Party that bears the appropriate Protected
21 Material designation.

22 **IV. CHALLENGING CONFIDENTIALITY DESIGNATIONS**
23     A. The failure of any Receiving Party to object to the designation of
24 Litigation Material as "Confidential" or "Confidential – Attorneys' Eyes Only" shall
25 not be deemed an admission that such information qualifies for such designation.
26     B. A Receiving Party may challenge a Designating Party's designation of
27 Litigation Material as "Confidential" or "Confidential – Attorneys' Eyes Only" by
28

motion. Any such motion shall comply with all aspects of the Central District Local Civil Rule 37, including the meet and confer requirements described therein. The Designating Party shall have the burden of proving that the designation is proper under the terms of this Order. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## V. EXCEPTIONS TO CONFIDENTIALITY DESIGNATIONS

Notwithstanding a Designating Party's confidentiality designation, Litigation Material will not be considered Protected Material if it:

A. was known to the Receiving Party without obligation of confidentiality to the Designating Party prior to disclosure by the Designating Party;

B. is subsequently disclosed to the Receiving Party by a third party having no obligation of confidentiality under this Order with respect to such Litigation Material;

C. is independently developed by employee(s) of the Receiving Party who had no access to the Litigation Material before such development; or

D. is published or becomes generally known to the public through means not constituting a breach of this Order.

## VI. ACCESS TO AND USE OF PROTECTED MATERIAL

A. <u>Basic Principles</u>. A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XI below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. <u>Ability to Render Legal Advice</u>. Notwithstanding the restrictions set forth in this Order, Counsel qualified to receive Protected Material under this Order shall not be precluded from rendering legal advice to its client, making factual inquiries of its client, or discussing with its client the merits of any issue in this litigation, as long as the specific substance or content of the Protected Material is not revealed to a person not qualified to receive such material under the terms of this Order.

C. <u>Additional Restrictions.</u> In addition to the other restrictions imposed on it by this Protective Order, Kerr shall not take any adverse action against any distributor for selling Kerr products to NAD, if those sales are disclosed by NAD's Protected Material and those sales are not otherwise known to Kerr. For purposes of this Section VI.C and Section VI.D: (1) "distributor" includes any person or entity who sold or sells Kerr products to NAD and (2) "adverse action" shall include taking any of the following actions without leave of court: service of a deposition subpoena, service of a subpoena *duces tecum*, joining the distributor as a defendant in this action, or filing a separate action against the distributor. Kerr may seek leave of court by written motion, filed under seal to preserve the confidentiality of the distributor's identity.

D. <u>Finding of Counterfeiting.</u> Notwithstanding the restrictions of Section VI.C above, if a Court, jury or other fact-finder finds that NAD has purchased or sold counterfeit Kerr products, then immediately, automatically and without notice (1) the terms of this Protective Order shall no longer apply to any Protected Material relating to any distributor and (2) Kerr will be free to take any adverse action against any distributor that is otherwise permitted by law.

## VII. PERMITTED RECIPIENTS OF PROTECTED MATERIAL

A. <u>Disclosure of Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

1. the Receiving Party's Counsel;

2. the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for purposes of prosecuting, defending, or settling this litigation, *provided that* Protected Material designated "Confidential – Attorneys' Eyes Only" shall *only* be disclosed to the Receiving Party's Counsel;

3. Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), as set forth in Section VII.B;

4. the Court, its personnel, and jurors in this action and anyone designated by the Court;

5. court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary;

6. during their depositions, party and nonparty witnesses in the action to whom disclosure is reasonably necessary to conduct the deposition and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), *provided that* Protected Material designated "Confidential – Attorneys' Eyes Only" shall not be disclosed to any witness pursuant to this paragraph unless that witness is otherwise qualified to receive that Protected Material under another provision of this Order. Any Protected Material provided to a witness in a deposition shall not be retained by that witness, unless the witness is otherwise qualified to retain a copy of that Protected Material under another provision of this Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Order; and

        7.     the authors, senders, addressees and designated copy recipients of the Litigation Material, or the individual(s) designated by the Designating Party or Receiving Party as a Rule 30(b)(6) witness to testify on the subject matter contained within the Litigation Material.

     B.     Any person required to execute the "Agreement to Be Bound by Protective Order" (Exhibit A) under this Order shall return the executed agreement to the party requesting his or her signature. That party's counsel shall maintain a copy of the executed agreement in their files so that it is available in case of controversy.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing, immediately and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.

## IX. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" that is

attached as Exhibit A. This paragraph does not encompass the disclosure of Protected Material by the Receiving Party if the Protected Material had not been previously designated as such by the Designating Party.

## X. PRIVILEGED MATERIAL

The inadvertent disclosure by a Producing Party of information that is privileged or otherwise immune or protected from discovery by law will not be deemed a waiver in whole or in part of attorney-client privilege, work product protection, or other ground of immunity from discovery, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. If a Producing Party has inadvertently produced information subject to a claim of immunity or privilege, upon request in writing, the document and all copies thereof shall be returned promptly, and in no event later than five (5) calendar days after a request is made by the Producing Party, as required by Rule 26(b)(5)(B). If the Receiving Party disagrees that the information is protected from disclosure by the attorney-client privilege, work product protection, or other immunity from discovery, it may move the Court for an order that such information be produced, in which case the Producing Party shall have the burden of proving that such privilege or immunity exists.

## XI. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, including all appeals, each Receiving Party must destroy or return all Protected Material to the Producing Party. As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written confirmation to the Designating Party that all Protected Material was returned or destroyed and that the Receiving Party has not

1  retained any copies, abstracts, compilations, summaries or other forms of
2  reproducing or capturing any of the Protected Material.  Notwithstanding this
3  provision, Counsel are entitled to retain an archival copy of all pleadings, motion
4  papers, transcripts, legal memoranda, correspondence or work product, even if such
5  materials contain Protected Material.
6       Even after the termination of this litigation, the confidentiality obligations
7  imposed by this Order shall remain in effect until the Designating Party agrees
8  otherwise in writing or the Court otherwise directs.

## XII. USE OF PROTECTED MATERIAL IN PLEADINGS OR PROCEEDINGS

11      Except when the filing under seal is otherwise authorized by statute or federal
12 rule, the Parties shall seek the Court's prior approval for the filing under seal of
13 pleadings and other documents containing properly designated "Confidential" or
14 "Confidential – Attorneys' Eyes Only" Disclosures in accordance with the
15 procedures set forth in Central District Local Civil Rule 79-5.1.

## XIII. MISCELLANEOUS

17     A.   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any
18 party to seek its modification by the Court or by agreement of the parties in the
19 future.
20     B.   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this
21 Order, no party waives any right it otherwise would have to object to disclosing or
22 producing any information or item on any ground not addressed in this Order.
23 Similarly, no party waives any right to object on any ground to use in evidence of
24 any of the material covered by this Order.
25     C.   <u>A Party's Own Information</u>: The restrictions on the use of Protected
26 Material established by this Order are applicable only to the use of Protected
27 Material received by a party from a Producing Party. A party is free to do whatever
28

1 it desires with its own Protected Material. However, for purposes of disputing a
2 party's designation of information or documents as Confidential or Confidential –
3 Attorneys' Eyes Only, and resolving any such dispute, a party's intentional
4 disclosure of its own Protected Material to any third party with which it does not
5 share a confidential relationship, or to the public, shall be taken into account by the
6 Court in determining whether the Protected Material has been properly designated.

      D.     <u>Third Party Discovery</u>: A copy of this Order must be served with all discovery requests served on third parties to this litigation, including without limitation, subpoenas under Rule 45 of the Federal Rules of Civil Procedure.

DATED: January 9, 2012

*Carla M. Woehrle*

HON. CARLA WOEHRLE
UNITED STATES DISTRICT COURT

Submitted by:

SCHEPER KIM & HARRIS LLP
MARC S. HARRIS
ALEXANDER H. COTE

LAW OFFICES OF ARNOLD I. KALMAN
Arnold I. Kalman

DAVID M. BASS AND ASSOCIATES
David M. Bass

By     Alexander H. Cote
Attorneys for Plaintiff
KERR CORPORATION,
DANAHER CORPORATION
AND SYBRON DENTAL
SPECIALTIES INC.

By     David M. Bass
Attorneys for Defendants
NORTH AMERICAN DENTAL
WHOLESALERS, INC. and NORTH
AMERICAN DENTAL, INC.