ORIGINAL

**SCHEPER KIM & HARRIS LLP**
MARC S. HARRIS (State Bar No. 136647)
mharris@scheperkim.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@scheperkim.com
601 West Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
Telephone: (213) 613-4655
Facsimile: (213) 613-4656

**TRENK, DIPASQUALE, WEBSTER, DELLA FERA & SODONO, P.C.**
MARC J. DEREWETZKY (State Bar No. 130944)
mjd@trenklawfirm.com
JOEL M. EADS (*admitted pro hac vice*)
jeads@trenklawfirm.com
1300 Clay Street, Suite 600
Oakland, CA 94612
Telephone: (510) 466-6318
Facsimile: (510) 466-6319

**Attorneys for Plaintiff KERR CORPORATION, and Defendants DANAHER CORPORATION and SYBRON DENTAL SPECIALTIES, INC.**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| KERR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN DENTAL WHOLESALERS, INC., NORTH AMERICAN DENTAL, INC. and DC DENTAL SUPPLY, LLC,<br><br>Defendants.<br><br>AND CONSOLIDATED CASE | CASE NO. SACV11-00313 DOC (CWx)<br>Consolidated with SACV11-01300<br><br>**SECOND AMENDED COMPLAINT FOR TRADEMARK COUNTERFEITING; TRADEMARK INFRINGEMENT; FEDERAL UNFAIR COMPETITION; CALIFORNIA UNFAIR PRACTICES ACT; AND TRADEMARK DILUTION**<br><br>Discovery Cut Off: November 30, 2012<br>Pretrial Conference: January 21, 2013<br>Trial Date: February 3, 2013 |

1
SECOND AMENDED COMPLAINT
SACV11-00313 DOC (CWx)

Plaintiff Kerr Corporation ("Plaintiff") states the following for its complaint against Defendants North American Dental Wholesalers, Inc., North American Dental, Inc. and DC Dental Supply, LLC (collectively "Defendants"):

## JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(b). This Court has personal jurisdiction over Defendants because the acts complained of occurred and are occurring in interstate commerce in this District and as Plaintiff is suffering injuries within this District as a result of Defendants' conduct.

2. To the extent that Defendant North American Dental Wholesalers, Inc. ("NADW") might be found not to be subject to an exercise of personal jurisdiction under the California long-arm statute, Plaintiff avers in the alternative that, on information and belief, NADW is subject to an exercise of personal jurisdiction under Rule 4(k)(2) of the Federal Rules of Civil Procedure because NADW is not subject to an exercise of personal jurisdiction in any other state and because an exercise of personal jurisdiction by this Court would be consistent with the United States Constitution.

## VENUE

3. Venue is properly laid in this District under 28 U.S.C. § 1391 as the acts complained of occurred and are occurring in interstate commerce in the Central District of California and as Plaintiff has a place of business within the Southern Division of this District.

## THE PARTIES

4. Plaintiff is a Delaware corporation with a principal place of business located within this District at 1717 W. Collins Ave., Orange, California 92867.

5. Plaintiff manufactures high technology dental restorative materials and consumables. Plaintiff's products are consistent sales and technology leaders in the dental restorative industry.

6. On information and belief, Defendant NADW is a Canadian corporation with a principal place of business located at 4100 Chesswood Drive, Suite 200, North York, Ontario M3J 2B9.

7. On information and belief, Defendant North American Dental, Inc. is a corporation organized and existing under the laws of the state of Maryland, with an office and principal place of business at 2709 Rolling Road #116, Baltimore, Maryland, 21244. (Collectively, North American Dental, Inc. and NADW are "NAD".)

8. On information and belief, Defendant DC Dental Supply, LLC ("DCD") is a limited liability company organized and existing under the laws of the state of Maryland, with an office and principal place of business at either 3701 Old Court Road, Suite 20, Baltimore, Maryland 21208 or 1133 Greenwood Road, Baltimore, Maryland 21208.

9. Defendants are dental and medical distributors, wholesalers and/or retailers. NAD's website, states that NAD carries "a full line of cements, impression materials, acrylics, composites and resins, X-ray film, abrasives, disposables and endodontics" and that NAD has "distribution capabilities throughout North America." In discovery responses, NAD has claimed that it purchases dental products, including the products at issue in this action, from DCD. DCD also maintains a website, which sells the products at issue in this action directly to dentists.

## FACTUAL BACKGROUND

10. Since at least 1905, Plaintiff has used the KERR trademark in connection with dental materials, namely, impression compounds, impression-trays, dental waxes, investment compounds for use in the investment casting of dental articles, Plaster of Paris for use in the creation of dental articles, sealing agents for dental purposes; dental instruments, namely, pulp-canal instruments, broach holders, mouth-mirrors, handles for dental instruments, articulators, dental spatulas, and

3
SACV11-00313 DOC (CWx)
SECOND AMENDED COMPLAINT

engine-drills. The KERR mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

11. Since at least 1986, Plaintiff has used the HERCULITE mark in connection with a dental composite. The HERCULITE mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

12. Since at least 1992, Plaintiff has used the OPTIBOND mark in connection with a dental adhesive. The OPTIBOND mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

13. Since at least 1994, Plaintiff has used the REVOLUTION trademark in connection with a dental composite filling material. The REVOLUTION mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

14. Since at least 1996, Plaintiff has used the NEXUS trademark in connection with dental resin cement. The NEXUS mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

15. Since at least 2004, Plaintiff has used the PREMISE trademark in connection with a universal dental restorative composite compound in a flowable configuration. The PREMISE mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

SECOND AMENDED COMPLAINT
SACV11-00313 DOC (CWx)

16. Since at least 2008, Plaintiff has used the MAXCEM ELITE trademark in connection with a self-etch, self-adhesive, resin dental cement. The MAXCEM ELITE mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

17. Since at least 2003, Plaintiff has used the NX3 mark in connection with a permanent dental resin cement system featuring a color-stable adhesive dental resin cement. The NX3 mark is a nonfunctional and an inherently distinctive indicator of origin that additionally has acquired distinctiveness through Plaintiff's widespread sales under, and advertising of, the mark.

18. Plaintiff is the owner of numerous registrations from the U.S. Patent and Trademark Office covering the trademarks under which Plaintiff's products are sold. These include, but are not limited to, the following:

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| REVOLUTION | 3645913 | June 30, 2009 | dental composite filling material |
| KERR | 3443640 | June 10, 2008 | dental materials, namely, impression compounds, impression-trays, dental waxes, investment compounds for use in the investment casting of dental articles, Plaster of Paris for use in the creation of dental articles, sealing agents for dental purposes; dental |

| Mark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| | | | instruments, namely, pulp-canal instruments, broach holders, mouth-mirrors, handles for dental instruments, articulators, dental spatulas, engine-drills |
| OPTIBOND | 2119642 | Dec. 9, 1997 | dental adhesive |
| NEXUS | 2114553 | Nov. 18, 1997 | dental products, namely, cement |
| KERR | 0671899 | Dec. 30, 1958 | dental tools, dental instruments, and accessories for use therewith |

19. Because declarations under Section 15 of the federal Lanham Act, 15 U.S.C. § 1065, have been filed for the KERR mark, Reg. No. 0671899, the NEXUS mark, Reg. 2114553, and the OPTIBOND mark, Reg. No. 2119642, those registrations are incontestable and therefore constitute conclusive evidence of Plaintiff's ownership of the marks underlying those registrations. Registrations for the REVOLUTION Mark, Reg. No. 3645913 and KERR mark, Reg. No. 3443640, are prima facie evidence of Plaintiff's ownership of the marks underlying those registrations.

20. Plaintiff has spent substantial time, money, and effort in promoting its products under the KERR, REVOLUTION, PREMISE, MAXCEM ELITE, NEXUS, NX3, OPTIBOND and HERCULITE marks (collectively, the "Marks," each, a "Mark"). As a result of Plaintiff's extensive and continuous use of the

marks, and through the marks' widespread fame, distinctiveness, and favorable public acceptance and recognition, consumers throughout the United States, including in this District and in this Division, associated the marks exclusively with Plaintiff prior to the date Defendants undertook the unlawful conduct described in this Complaint.

21. Prior to the date Defendants undertook the unlawful conduct described in this Complaint, the Marks were famous and distinctive in the state of California in light of:

    a. Plaintiff's extensive advertising and promotion of the marks throughout California;

    b. the extensive volume and geographic extent of sales in California of goods under the marks;

    c. the actual recognition of the marks throughout California; and

    d. in the case of the KERR, REVOLUTION, NEXUS and OPTIBOND marks, their federally registered status.

## DEFENDANT'S WRONGFUL ACTS

22. On information and belief, Defendants have, directly or indirectly, sold dental supplies and materials in this District, including dental supplies and materials bearing the Marks.

23. Plaintiff has examined goods sold by NAD and DCD bearing Plaintiff's KERR, REVOLUTION, PREMISE, MAXCEM ELITE, and NX3 marks and has determined that those goods differ in material respects from goods to which Plaintiff's KERR, REVOLUTION, PREMISE, MAXCEM ELITE, and NX3 marks have been affixed under Plaintiff's authority. On information and belief, the KERR, REVOLUTION, PREMISE, MAXCEM ELITE, and NX3 marks affixed to goods sold by Defendants are spurious and unauthorized copies of Plaintiff's KERR, REVOLUTION, PREMISE, MAXCEM ELITE, NEXUS and NX3 marks.

24. Plaintiff has recently discovered evidence of a large scale counterfeiting operation involved in the production of products bearing counterfeits marks, including the OPTIBOND and HERCULITE marks. This prompted Plaintiff to examine goods sold by NAD bearing Plaintiff's OPTIBOND and HERCULITE marks, and Plaintiff has determined that those goods differ in material respects from goods to which Plaintiff's OPTIBOND and HERCULITE have been affixed under Plaintiff's authority. On information and belief, the OPTIBOND and HERCULITE marks affixed to goods sold by NAD are spurious and unauthorized copies of Plaintiff's OPTIBOND and HERCULITE marks.

## COUNT I

## FEDERAL TRADEMARK COUNTERFEITING

25. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-24 as if fully set forth here.

26. Without authorization of Plaintiff, Defendants have used in commerce marks that are identical to, or substantially indistinguishable from, Plaintiff's federally registered KERR, NEXUS, REVOLUTION and OPTIBOND marks. Insofar as Defendants deliberately have used spurious copies of Plaintiff's federally registered KERR, NEXUS, REVOLUTION and OPTIBOND marks in connection with goods falling within the scope of Plaintiff's trademark rights, Defendants have intentionally violated 15 U.S.C. § 1116(d).

27. As a consequence of Defendants' actions, Plaintiff has suffered, and is continuing to suffer, irreparable harm and damage, including a diversion of sales from it to Defendants and a loss of goodwill. Plaintiff has no adequate remedy at law.

28. Given that Defendants' actions were willful, deliberate, and fraudulent, Plaintiff is entitled to an award of statutory damages and attorneys' fees under 15 U.S.C. § 1117(c).

## COUNT II

## FEDERAL TRADEMARK INFRINGEMENT

29. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-28 as if fully set forth here.

30. Defendants' use in connection with the sale of dental supplies and materials of marks identical or confusingly similar to Plaintiff's KERR, NEXUS, REVOLUTION and OPTIBOND marks is causing and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' business and products are affiliated, connected, or associated with Plaintiff or have the sponsorship, endorsement, or approval of Plaintiff.

31. Defendants' activities constitute infringements of Plaintiff's KERR, NEXUS, REVOLUTION and OPTIBOND marks in violation of 15 U.S.C. § 1114(1) that are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception and injury to Plaintiff's good will and reputation as symbolized by its KERR, NEXUS, REVOLUTION and OPTIBOND marks, for which Plaintiff has no adequate remedy at law.

32. Defendants' actions demonstrate an intentional, willful, and bad faith intent to trade on the good will associated with Plaintiff's KERR, NEXUS, REVOLUTION and OPTIBOND marks to the irreparable injury of Plaintiff.

33. Defendants' conduct is causing and is likely to cause substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief, and to recover Defendants' profits, actual damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT III

## FEDERAL UNFAIR COMPETITION

34. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1-33 as if fully set forth here.

35. Defendants' use in connection with the sale of dental supplies and materials of marks identical or confusingly similar to the Marks is causing, and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' business and products are affiliated, connected, or associated with Plaintiff or have the sponsorship, endorsement, or approval of Plaintiff.

36. Defendants' activities constitute false representations, false descriptions, and false designations of origin of Defendants' products in violation of 15 U.S.C. § 1125(a) that are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception and injury to Plaintiff's good will and reputation as symbolized by the Marks, for which Plaintiff has no adequate remedy at law.

37. Defendants' actions demonstrate an intentional, willful, and bad faith intent to trade on the good will associated with the Marks to the irreparable injury of Plaintiff.

38. Defendants' conduct is causing and is likely to cause substantial injury to the public and to Plaintiff and Plaintiff is entitled to injunctive relief, and to recover Defendants' profits, actual damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT IV

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

39. Plaintiff repeats and incorporates by reference the allegations of paragraphs 1-38 as if fully set forth here.

40. Through its use of confusingly similar imitations of the Marks, Defendants have engaged in unlawful, unfair or fraudulent business acts or practices within the meaning of Cal. Bus. & Prof. Code § 17200 and Plaintiff is therefore entitled to injunctive relief.

## COUNT V

## COMMON-LAW UNFAIR COMPETITION

41. Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1-40 above as if fully set forth here.

42. Defendants' use in connection with the sale of dental supplies and materials of marks identical or confusingly similar to the Marks constitute false representations, false descriptions, and false designations of origin of Defendants' products that are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception and injury to Plaintiff's good will and reputation as symbolized by the Marks, for which Plaintiff has no adequate remedy at law.

43. Defendants' actions demonstrate an intentional, willful, and bad-faith intent to trade on the good will associated with the Marks to the irreparable injury of Plaintiff.

44. Defendants' conduct is causing and is likely to cause substantial injury to the public and to Plaintiff and Plaintiff is entitled to injunctive relief, and to recover Defendants' profits, actual damages, costs, and reasonable attorneys' fees.

## COUNT VI

## TRADEMARK DILUTION AND INJURY TO BUSINESS REPUTATION

45. Plaintiff repeats and incorporates by reference all of the allegations of paragraphs 1-44 as if fully set forth here.

46. Through its use of confusingly similar imitations of the Marks, Defendants have diluted the distinctiveness of those marks by eroding the public's exclusive identification of the marks with Plaintiff, thus diminishing the marks' distinctiveness, effectiveness, and prestigious connotations. The Marks will inevitably be tarnished by Defendants' sale of goods bearing spurious imitations of those marks, particularly as the goods sold by Defendants have not been subjected to Plaintiff's quality control mechanisms.

47. Defendants' conduct is causing and will continue to cause irreparable injury to Plaintiff's good will and business reputation and dilution of the distinctive and valuable quality of the Marks in violation of Cal. Bus. & Prof. Code § 14247, and Plaintiff is therefore entitled to injunctive relief. Because of the deliberately willful nature of Defendants' conduct, Plaintiff is additionally entitled to the remedies set forth in Cal. Bus. & Prof. Code § 14252.

## **PRAYER FOR RELIEF**

Plaintiff therefore respectfully requests:

1. that Defendants and all agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, and each of them, be enjoined preliminarily and permanently from:

    a. using any copy, reproduction, or colorable imitation or simulation of the Marks in connection with goods not manufactured under Plaintiff's authority;

    b. using any mark that is a copy, reproduction, colorable imitation, or simulation of or, confusingly similar to Plaintiff's trademarks, or is likely to cause confusion, mistake, deception, or public misunderstanding that Defendants' products are products of Plaintiff, or are sponsored by or in any way related to Plaintiff;

    c. passing off, palming off, or assisting in passing off or palming off, Defendants' products as those of Plaintiff, or otherwise continuing any and all acts of unfair competition;

2. that, in light of the risk to the public health posed by Defendants' conduct, Defendants be compelled to recall any products it has distributed bearing or associated with the Marks and not manufactured under Kerr's authority;

3. that Defendants be compelled to account to Plaintiff for any and all profits derived by Defendants and for all damages caused to Plaintiff under 15 U.S.C. § 1117 and the common law, and that Plaintiff's award be trebled as provided for by 15 U.S.C. § 1117(b);

4. that, in light of Defendants' willful counterfeiting of Plaintiff's KERR, NEXUS, REVOLUTION and OPTIBOND marks, Plaintiff be awarded statutory damages under 15 U.S.C. § 1117(c) in the amount of $2,000,000 per each of those marks;

5. that, in light of Defendants' willful and deliberate infringement of the Marks, Plaintiff be awarded punitive damages in connection with its California law causes of action;

6. that Defendants be required to pay to Plaintiff the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

7. that Defendants be required to pay prejudgment and post-judgment interest on the foregoing damages and profits awards; and

8. that Defendants be ordered to deliver up for destruction all bags, boxes, labels, signs, packages, receptacles, advertising, promotional material or the like in possession, custody, or under the control of Defendants that are found to adopt, to infringe, or likely to dilute any of Plaintiff's trademarks or that otherwise unfairly compete with Plaintiff; and

9. that Plaintiff have such other and further relief as the Court may deem just.

//
//
//
//
//
//

| | | |
|---|---|---|
| 1 | DATED: April 12, 2012 | SCHEPER KIM & HARRIS LLP<br>MARC S. HARRIS<br>ALEXANDER H. COTE |
| 2 | | |
| 3 | | TRENK, DIPASQUALE, WEBSTER, DELLA FERA & SODONO, P.C.<br>MARC J. DEREWETZKY |
| 4 | | |
| 5 | | |
| 6 | | By: _/s/ Alexander H. Cote_____ |
| 7 | | Alexander H. Cote<br>Attorneys for Plaintiff KERR CORPORATION, and Defendants DANAHER CORPORATION and SYBRON DENTAL SPECIALTIES, INC. |
| 8 | | |
| 9 | | |

## DEMAND FOR JURY TRIAL

Plaintiff Kerr Corporation hereby demands that all issues be determined by jury.

DATED: April 12, 2012

SCHEPER KIM & HARRIS LLP
MARC S. HARRIS
ALEXANDER H. COTE

TRENK, DIPASQUALE, WEBSTER, DELLA FERA & SODONO, P.C.
MARC J. DEREWETZKY

By: _____
Alexander H. Cote
Attorneys for Plaintiff KERR CORPORATION, and Defendants DANAHER CORPORATION and SYBRON DENTAL SPECIALTIES, INC.